1  ROBERT B. SALLEY, ESQ. (Bar No. 132883)
   NARGUESS NOOHI, ESQ. (Bar No. 274685)
2       THARPE & HOWELL, LLP
   15250 Ventura Boulevard, Ninth Floor
3  Sherman Oaks, California 91403-3221
        Telephone: (818) 205-9955
4       Facsimile:  (818) 205-9944
   E-Mail: Rsalley@tharpe-howell.com
5  E-Mail: Nnoohi@tharpe-howell.com

6  Attorneys for Defendants, PILE TRUCKING, INC., EARL PILE TRUCKING,
   and ALVIN FLYNN
7

8               UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10

11 JUAN MEDINA and RAMONA          )  CASE NO. CV11- 06329GHK(JC)
   MEDINA,                         )
12                                 )  (Los Angeles County Superior Court
                   Plaintiff(s),   )  Case No. BC462497)
13                                 )
   v.                              )  DEFENDANTS PILE TRUCKING,
14                                 )  INC., EARL PILE TRUCKING,
   PILE TRUCKING, INC., EARL       )  AND ALVIN FLYNN NOTICE OF
15 PILE TRUCKING, ALVIN FLYNN,     )  REMOVAL
   and DOES 1 through 50, inclusive,)
16                                 )
                   Defendant(s).   )
17                                 )

18      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b),

19 Defendants PILE TRUCKING, INC., EARL PILE TRUCKING, and ALVIN FLYNN

20 ("Defendants"), contemporaneously with the filing of this notice, is effecting the

21 removal of the below referenced action from the Superior Court of the State of

22 California for the County of Los Angeles, to the United States District Court, Central

23 District of California – Western Division. The removal is based, specifically, on the

24 following grounds:

25            **PLEADINGS, PROCESS AND ORDERS**

26      1.      On or about May 26, 2011, Plaintiffs JUAN MEDINA and RAMONA

27 MEDINA. ("Plaintiffs") commenced the above-entitled civil action in the Superior

28

Court for the County of Los Angeles by filing a Complaint therein entitled <u>JUAN MEDINA and RAMONA MEDINA. v. PILE TRUCKING, INC., EARL PILE TRUCKING, ALVIN FLYNN, and DOES 1 THROUGH 50.</u>, Case No. BC462497. True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as Exhibit "A":

|  | a. | Summons |
|---|---|---|
|  | b. | Complaint |
|  | c. | Civil Case Cover Sheet |
|  | d. | Civil Case Cover Sheet Addendum and Statement of Location |
|  | e. | Stipulation- Early Organizational Meeting (blank) |
|  | f. | Stipulation- Discovery Resolution (blank) |
|  | g. | Informal Discovery Conference (blank) |
|  | h. | Stipulation and Order - Motions in Limine (blank) |
|  | I. | Notice and Acknowledgment of Receipt- Civil |
|  | j. | Notice of Case Assignment |
|  | d. | Statement of Damages |
|  | f. | Notice of Change of Address |
|  | e. | Notice of Case Management Conference |

2.     The Summons and Complaint were served on Defendants via personal service on July 6, 2011.

3.     Defendant timely filed its Answer to Complaint on July 26, 2011. A true and correct copy of Defendant's Answer to Complaint is attached hereto and incorporated herein by reference as Exhibit "B."

6.     The attached exhibits constitute all process, pleadings and orders served upon this defendant in this matter.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 2 -
DEFENDANTS NOTICE OF REMOVAL

Medina, et al. v Pile Trucking, Inc., et al
Case No.

# DIVERSITY

## A.    Citizenship

7.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* Exhibit "A." This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states.

8.     Plaintiffs JUAN MEDINA and RAMONA MEDINA., are individuals. Plaintiffs JUAN MEDINA and RAMONA MEDINA were, at the time of the filing of the state court action, and remain, residents of the County of Los Angeles, State of California.   Exhibit "A," Complaint at pg. 7.   Accordingly, Plaintiffs JUAN MEDINA and RAMONA MEDINA , are citizens of the State of California.

9.     Defendant PILE TRUCKING, INC. , was, at the time of the filing of the state court action, and remains, incorporated in the State of Kansas and its principal place of business is in the State of Kansas. See Traffic Collision Report, Attached herein as Exhibit "C", at page 1.  Defendant EARL PILE TRUCKING was at the time, at the time of the state court action, and remains, a company located in the State of Kansas.  However, Earl Pile Trucking was not a corporation at the time of the filing of this state court action. Therefore, both Defendant PILE TRUCKING, INC., and EARL PILE TRUCKING are residents of Kansas.

10.     Defendant ALVIN FLYNN is an individual.  Defendant FLYNN was, at the time of the filing of the State court action, and remains, a resident of Garden City in the State of Kansas.  See Exhibit C, page 1.  Accordingly, all three named Defendants are Kansas residents.

## B.    Fictitious Does

11.     Defendant DOES 1 to 50 are wholly fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1   any charging allegation against any fictitious defendants.   The naming of said

2   fictitious defendants does not destroy the diversity of citizenship between the parties

3   in this action and are to be disregarded.  28 U.S.C. § 1441(a); *Newcombe v. Adolf*

4   *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

5                          **AMOUNT IN CONTROVERSY**

6         12.    Plaintiff's complaint alleges negligence for wrongful death, resulting

7   from an incident wherein decedent allegedly ran her bicycle into defendant's vehicle.

8   Exhibit "A," Complaint at pgs. 5-7.  Plaintiff is seeking general damages in the sum

9   of $5,000,000.00 and special damages in excess of $1,500,000.00.  Exhibit "A,"

10   Plaintiff's Statement of Damages at pg. 2.  As such, Plaintiff's demand for damages

11   is more than the jurisdictional amount of $75,000.00, exclusive of interest and costs.

12                          **TIMELINESS OF REMOVAL**

13         13.    This Notice of Removal is timely filed in that it has been filed within

14   thirty (30) days after receipt by Defendant of a copy of the initial pleadings.  The

15   initial pleadings were served on July 6, 2011.

16         14.    For all of the foregoing reasons, this Court has original jurisdiction under

17   28 U.S.C. §§ 1332 and 1441(b).

18

19   DATED: July 29 , 2011                    THARPE & HOWELL, LLP

20

21                          By: _____

22                                ROBERT B. SALLEY
                                 NARGUESS NOOHI
23                                Attorneys for Defendants,
                                 PILE TRUCKING, INC., EARL PILE
                                 TRUCKING, and ALVIN FLYNN

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

*MEDINA, et al. v. PILE TRUCKING, INC., et al.*
Case No.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.     At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.     My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, California 91403.

3.     I served copies of the following documents (specify the exact title of each document served): **DEFENDANTS PILE TRUCKING, INC., EARL PILE TRUCKING, AND ALVIN FLYNN NOTICE OF REMOVAL**

4.     I served the documents listed above in item 3 on the following persons at the addresses listed:

Michael J. Rand, Esq.
LAW OFFICE OF MICHAEL J. RAND
15760 Ventura Blvd., 7TH Floor
Encino, CA 91436
(818) 783-3300; Fax: (818) 783-7595

Z. Dean Hakkak, Esq.
LAW OFFICES OF Z. DEAN HAKKAK
5440 Beverly Boulevard, Suite A
Los Angeles, CA 90022
(323) 832-9900; Fax: (323) 838-1226

Attorneys for Plaintiffs,
JUAN MEDINA and RAMONA MEDINA

5.     a.   ☐   **By personal service**. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to     identify the attorney being served with a receptionist or an individual in charge of  the office.  (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

       b.   ☒   **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

            (1)   ☐       deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

- 5 -

# Exhibit "A"

23434 - P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Pile Trucking, Inc., Earl Pile Trucking, Alvin Flynn, and Docs 1 through
50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Juan Medina and Ramona Medina

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 26 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Nancy Alvarez

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es:)* Los Angeles County Superior Court Stanley Mosk Courthouse 111 N. Hill St., Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):* BC462497 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Rand, Esq. 16255 Ventura Blvd, Suite 1110, Encino, California 91436 818-783-3300

DATE: May 26, 2011
*(Fecha)* MAY 26 2011

JOHN A. CLARKE, Clerk, by *(Secretario)* NANCY ALVAREZ, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

7/11/2011 - 11:48:51 AM

1  Michael J. Rand, Esq. (SBN: 69305)
2  LAW OFFICES OF MICHAEL J. RAND
   A Professional Corporation
3  16255 Ventura Blvd., Suite 1110
   Encino, California 91436
4  Telephone: 818-783-3300
5  Facsimile: 818-783-7595

6
   Z. Dean Hakkak, Esq. (SBN: 207655)
7  LAW OFFICES OF Z. DEAN HAKKAK
   5440 Beverly Blvd., Suite A
8  Los Angeles, CA 90022
9  Telephone: 323-838-1444
   Facsimile: 818-838-1226
10

11 Attorneys for Plaintiffs, Juan Medina
   and Ramona Medina
12

13         SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              FOR THE COUNTY OF LOS ANGELES

15

16 JUAN MEDINA and RAMONA          )   Case No:
   MEDINA,                         )
17                                 )   COMPLAINT FOR DAMAGES
                                   )   FOR WRONGFUL DEATH
18          Plaintiffs,            )
                                   )
19     v.                         )
                                   )   DEMAND FOR JURY TRIAL
20 PILE TRUCKING, INC., EARL PILE  )
   TRUCKING, ALVIN FLYNN, and      )
21 DOES 1 through 50, inclusive,   )
                                   )
22                                 )
           Defendants.             )
23                                 )

24

25     PLAINTIFFS, Juan Medina and Ramona Medina, allege as follows:
26

27

28

                   COMPLAINT FOR DAMAGES
                    FOR WRONGFUL DEATH
                           1

7/11/2011 - 11:48:51 AM

# I.

## GENERAL ALLEGATIONS

1.    The events giving rise to these causes of action arose in the County of Los Angeles, State of California.

2.    Plaintiff, Juan Medina, is the natural father and survivor in interest of decedent, Sophia Medina. Plaintiff, Ramona Medina, is the natural mother and survivor in interest of decedent, Sophia Medina. Sophia Medina's date of birth was September 18, 1990.

3.    Plaintiffs Juan Medina and Ramona Medina are jointly asserting the causes of action in this pleading for the wrongful death of decedent, Sophia Medina.

4.    Plaintiffs believe all heirs of plaintiff are named in this Complaint. If, however, it is later determined one or more heirs have not been included, plaintiffs will seek leave of Court to amend this Complaint to reflect such unknown heirs as a DOE. The heirs are: Juan Medina, surviving father, and Ramona Medina, surviving mother.

5.    The true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 through 50 are unknown to plaintiffs, who therefore sue such defendants by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as a DOE is negligently, intentionally, or otherwise responsible in some manner for the events and happenings hereinafter referred to, as persons who owned, controlled, operated, leased, rented, serviced, repaired, maintained, or entrusted the

7/11/2011 - 11:48:51 AM

1    vehicle referenced herein below, and thereby proximately caused, or joined to cause,

2    injury and damages to decedent and plaintiffs as herein alleged.

3

4    6.    At all times herein mentioned, the defendants, and each of them, were the agents,

5    servants, representatives, hirers, shippers, employers and employees of the other, each

6    acting within the course and scope of said agency, hire, shipping and employment, and/or

7    joint venturer, and that each and every defendant, as a aforesaid, when acting as a

8    principal, was negligent in the selection and hiring of each and every other defendant as

9    an agent, servant, employee, successor in interest and/or joint venturer, and further

10   negligent in the entrustment of the vehicle in question to that agent, servant, employee,

11   successor in interest and/or joint venturer.  Plaintiffs are informed and believe at said time

12   and place each defendant and their agent/employee, hirer, shipper and principal was guilty

13   of negligent, wanton, reckless, tortuous and unlawful acts and omissions that were a

14

15   cause of the injuries, death and damages herein alleged.

16

17   7.    At all times at issue herein, plaintiffs, Juan Medina and Ramona Medina, were and

18   are individuals residing in the County of Los Angeles, State of California.

19

20   8.    At all times at issue herein, defendants, Pile Trucking, Inc. and Earl Pile Trucking

21   (collectively "Pile") and DOES 1 through10 were corporations or other business entities

22   organized and existing in states unknown to plaintiffs, but which were at all relevant

23   times doing business, among other places, in the State of California and, in particular, in

24   the County of Los Angeles.  At all times at issue herein, defendants, DOES 36-40, were

25   hirers or shippers, freight forwarders or brokers, or otherwise employed, or contracted to

26

27

28

7/11/2011 - 11:48:51 AM

1  hire or employ the services of Pile and Flynn, to carry or ship goods on their behalf, or to

2  otherwise perform work involving an unreasonable risk of harm to others.

3

4  9.      At all times at issue herein, defendant, Alvin Flynn ("Flynn"), and Does 20

5  through 30, were and are individuals residing in the State of Kansas, the State of

6  California, and other locations, but all doing business, among other places, in the County

7  of Los Angeles, State of California.

8

9  10.     Prior to and on July 6, 2009, Pile and Does 1 through 10, inclusive, and

10  each of them, owned, controlled, trained, maintained, serviced, repaired, supervised,

11  operated, used and entrusted, and employed and permitted, defendant Flynn to operate

12  and use a certain 2008 Peterbilt tractor, Kansas license number 196777, towing a utility

13

14  trailer, Kansas license number 462191 (hereinafter collectively "the tractor-trailer"),

15  knowing the transport of freight by a tractor and utility trailer is attended with very

16  considerable risk, with special, recognizable danger arising out of the operation of that

17

18  transportation, and is highly regulated to protect public safety..

19  11.     Prior to and on July 6, 2009, Does 31 through 35, inclusive, and each of them,

20  negligently sold, leased, rented, serviced, maintained, repaired, supervised, monitored and

21

22  otherwise were, in conjunction with the other defendants named herein, responsible for

23  the care of the tractor-trailer, and thereby joined to proximately cause the injuries and

24  damages alleged herein.

25  ///

26  ///

27

28

7/11/2011 - 11:48:51 AM

## II.

### FIRST CAUSE OF ACTION FOR WRONGFUL DEATH BY ALL PLAINTIFFS

### AGAINST ALL DEFENDANTS

12.    Plaintiffs repeat and incorporate herein paragraphs 1 through 11 above, as though fully set forth herein.

13.    On July 6, 2009, at approximately 3:00 p.m., Sophia Medina was riding a bicycle northbound on the east side of Goodrich Boulevard in the City of Commerce, Los Angeles County, California.  On that date and at that time, the tractor-trailer operated by Flynn was also proceeding northbound on Goodrich Boulevard in the City of Commerce, Los Angeles County, California.   The tractor-trailer at that time lacked requisite safety equipment it should have had, including certain mirrors. The tractor-trailer passed Sophia as it proceeded northbound.  While doing so, Flynn observed, or should have observed, Sophia as he passed her riding on the sidewalk.  Flynn then, although knowing Sophia would be arriving at the intersection of Goodrich Boulevard and Olympic Boulevard at or about the same time as the tractor-trailer, and knowing she would have the right of way in proceeding northbound across Olympic Boulevard, nonetheless negligently, recklessly, and wrongfully, and in violation of law, initiated a right turn eastbound onto Olympic Boulevard without exercising due care for pedestrians, bicycle riders and other persons generally, nor for Sophia specifically.

14.    As a result of the negligence, recklessness, and wrongful conduct of Flynn, the lack of safety equipment on the tractor-trailer, the negligent employment, hiring, training

and supervision of Flynn by Pile, and the wrongful conduct of DOES 1 through 50, inclusive, as alleged, the tractor-trailer struck Sophia while she was on or near the corner of Goodrich Boulevard and Olympic Boulevard, in the City of Commerce, County of Los Angeles, and was thereby proximately caused catastrophic personal injuries, physical pain and suffering, death, destruction of property and other damages, all to plaintiffs' damage according to proof.

15.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, defendant Flynn, while acting as operator and driver of the tractor-trailer vehicle involved in this accident, was doing so with the knowledge, permission, consent, and at the direction of all defendants, including Pile.

16.     As a direct proximate result of the wrongful and unlawful acts and omissions of defendants and each of them as alleged herein, they caused the death of Sophia Medina on July 6, 2009.  As a result, plaintiffs have sustained pecuniary loss and loss of care, comfort, society, protection and love of Sophia Medina in a sum according to proof at trial.  Further, plaintiffs incurred other special damages, including ambulance, medical, funeral and burial expenses in a sum according to proof at trial.

17.     In addition to the tortious acts and omissions described above, all defendants were further guilty of other negligent, wanton, reckless, tortious and unlawful acts and omissions that were a cause of the injuries and damages herein alleged.  Those additional tortious acts and omissions include, but are not limited to, the following: negligently employing, entrusting, permitting, managing, maintaining, servicing, repairing,

7/11/2011 - 11:48:51 AM

1    inspecting, controlling, supervising and monitoring, operating and driving the tractor-

2    trailer vehicle; and, inadequate hiring and supervision, instruction, and training of agents

3

4    and employees who contributed to this accident; and, conducting themselves with

5    reference to the tractor-trailer vehicle and to each other, to decedent and plaintiffs, so as

6    to cause a collision and the death of Sophia Medina.

7          WHEREFORE, plaintiffs, and each of them, request the following judgement

8

9    against the defendants, and each of them:

### FIRST CAUSE OF ACTION

10

11          (Plaintiffs Juan Medina and Ramona Medina)

12

13    1.    General damages in excess of the minimum jurisdiction of the Superior

14          Court, according to proof;

15    2.    Medical expenses and other applicable special damages, according to proof;

16

17    3.    Past and future loss of income and support, according to proof;

18    4.    Funeral and burial expenses, according to proof;

19

20    6.    Costs of suit;

21    7.    Pre-judgment interest according to proof; and

22    8.    Such other and further relief as this Court may deem just and proper.

23    Dated: May 25, 2011          LAW OFFICES OF MICHAEL J. RAND

24                      LAW OFFICES OF Z. DEAN HAKKAK

25

26                      Michael J. Rand, Attorney for Plaintiffs,

27                      Juan Medina and Ramona Medina

28

7/11/2011 - 11:48:51 AM

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael J. Rand, Esq. (SBN: 69305)<br>16255 Ventura Blvd, Suite 1110<br>Encino, California 91436 | |

TELEPHONE NO: 818-783-3300     FAX NO: 818-783-7595
ATTORNEY FOR *(Name)*: Juan Medina and Ramona Medina

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Medina vs. Pile Trucking, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [✓] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 26, 2011
Michael J. Rand
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

7/11/2011 - 11:48:51 AM

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Medina vs. Pile Trucking, Inc. et al. | CASE NUMBER |
|---|---|
| | FOR COURT USE ONLY |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.   6. Location of property or permanently garaged vehicle.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).   7. Location where petitioner resides.
3. Location where cause of action arose.   8. Location wherein defendant/respondent functions wholly.
4. Location where bodily injury, death or damage occurred.   9. Location where one or more of the parties reside.
5. Location where performance required or defendant resides.   10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ A7100   Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110   Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070   Asbestos Property Damage | 2. |
| | | ☐ A7221   Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260   Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210   Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240   Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250   Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230   Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270   Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220   Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

7/11/2011 - 11:48:51 AM

| SHORT TITLE: Medina vs. Pile Trucking, Inc. et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -See<br>Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful** Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

7/11/2011 - 11:48:51 AM

| SHORT TITLE: Medina vs. Pile Trucking, Inc. et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Unlawful Detainer** | Unlawful Detainer-<br>Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs<br>(38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6.. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>(11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☒ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

7/11/2011 - 11:48:51 AM

| SHORT TITLE: Medina vs. Pile Trucking, Inc. et al. | CASE NUMBER | |
|---|---|---|

<table>
<tr><td rowspan="11" style="writing-mode:vertical">Miscellaneous Civil Petitions</td><td></td><td>☐ A6000   Other Civil Complaint (non-tort/non-complex)</td><td>1., 2., 8.</td></tr>
<tr><td>**A**<br>Civil Case Cover Sheet<br>Category No.</td><td>**B**<br>Type of Action<br>(Check only one)</td><td>**C**<br>Applicable Reasons -<br>See Step 3 Above</td></tr>
<tr><td>Partnership Corporation<br>Governance (21)</td><td>☐ A6113   Partnership and Corporate Governance Case</td><td>2., 8.</td></tr>
<tr><td rowspan="7">Other Petitions<br>(Not Specified Above)<br>(43)</td><td>☐ A6121   Civil Harassment</td><td>2., 3., 9.</td></tr>
<tr><td>☐ A6123   Workplace Harassment</td><td>2., 3., 9.</td></tr>
<tr><td>☐ A6124   Elder/Dependent Adult Abuse Case</td><td>2., 3., 9.</td></tr>
<tr><td>☐ A6190   Election Contest</td><td>2.</td></tr>
<tr><td>☐ A6110   Petition for Change of Name</td><td>2., 7.</td></tr>
<tr><td>☐ A6170   Petition for Relief from Late Claim Law</td><td>2., 3., 4., 8.</td></tr>
<tr><td>☐ A6100   Other Civil Petition</td><td>2., 9.</td></tr>
</table>

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Olympic Blvd. and Goodrich Blvd. |
|---|---|
| CITY:<br>Commerce | STATE:<br>CA | ZIP CODE:<br>90040 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk Courthouse courthouse in the Los Angeles,     District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: May 26, 2011

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

---

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO
PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

LACIV 109 (Rev. 01/11)          CIVIL CASE COVER SHEET ADDENDUM          LASC, rule 2.0
LASC Draft 03-04                  AND STATEMENT OF LOCATION              Page 4 of 5

7/11/2011 - 11:48:51 AM

| SHORT TITLE: Medina vs. Pile Trucking, Inc. et al. | CASE NUMBER |
|---|---|

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/11)

LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 5 of 5

7/11/2011 - 11:48:51 AM

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional). | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

7/11/2011 - 11:48:51 AM

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's *office on the* approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

7/11/2011 - 11:48:51 AM

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

7/11/2011 - 11:48:51 AM

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

STIPULATION AND ORDER – MOTIONS IN LIMINE

CASE NUMBER:

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

SHORT TITLE:

CASE NUMBER:

## The following parties stipulate:

Date: _____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR PLAINTIFF)

Date: _____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR DEFENDANT)

Date: _____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR DEFENDANT)

Date: _____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR DEFENDANT)

Date: _____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR _____)

Date: _____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR _____)

Date: _____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____

JUDICIAL OFFICER

7/11/2011 - 11:48:51 AM

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Z. Dean Hakkak                                    SBN: 204655
DEAN HAKKAK
5440 E. Beverly Blvd.
Los Angeles, CA 90022
TELEPHONE NO.: 323-832-9900          FAX NO. *(Optional)*: 323-838-1226
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Paul Junco

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1427 West Covina Parkway
MAILING ADDRESS: West Covina, CA. 91790
CITY AND ZIP CODE: West Covina, 91790
BRANCH NAME: West Covina Courthouse

PLAINTIFF/PETITIONER: Paul Junco

DEFENDANT/RESPONDENT: Douglas M. Keller, Hurricane Express and

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>11B01477 |
|---|---|

TO *(insert name of party being served):* _____

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 1, 2011

Z. Dean Hakkak
_____                    _____
       (TYPE OR PRINT NAME)                                  (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [    ]   A copy of the summons and of the complaint.
2. [    ]   Other *(specify):*

*(To be completed by recipient):*

Date this form is signed:

_____                    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,             (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL   ProDoc® | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

7/11/2011 - 11:48:51 AM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE   BC 4 6 2 4 9 7

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Pending Assignment | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Willliam F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005).
This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the
Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the
Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

7/11/2011 - 11:48:51 AM

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

1   Michael J. Rand, Esq. (SBN: 69305)
2   LAW OFFICES OF MICHAEL J. RAND
    A Professional Corporation
3   16255 Ventura Blvd., Suite 1110
    Encino, California 91436
4   Telephone: 818-783-3300
5   Facsimile: 818-783-7595

6   Z. Dean Hakkak, Esq. (SBN: 207655)
7   LAW OFFICES OF Z. DEAN HAKKAK
    5440 Beverly Blvd., Suite A
8   Los Angeles, CA 90022
9   Telephone: 323-838-1444
    Facsimile: 818-838-1226

10

11  Attorneys for Plaintiffs, Juan Medina
    and Ramona Medina

12
            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13
                FOR THE COUNTY OF LOS ANGELES
14

15

16                                      )   Case No:
17  JUAN MEDINA and RAMONA               )
    MEDINA,                              )   STATEMENT OF DAMAGES
18                                       )
            Plaintiffs,                  )
19                                       )
        v.                               )
20                                       )
    PILE TRUCKING, INC., EARL PILE       )
21  TRUCKING, ALVIN FLYNN, and           )
    DOES 1 through 50, inclusive,        )
22                                       )
23          Defendants.                  )
                                         )
24                                       )

25

26

27

28
                        STATEMENT OF DAMAGES
                                1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiffs, JUAN MEDINA and RAMONA MEDINA, seek damages in the above-entitled action as follow:

1.    General Damages: Loss of love, care, comfort, society, companionship and protection in excess of $5,000,000.00.

2.    Special Damages: Loss of past and future earnings and support, funeral expenses, the present value of future contributions, the value of personal service, advice and training, and other special damages in excess of $1,500,000.00.

Dated: May 25, 2011                          LAW OFFICES OF MICHAEL J. RAND
                                             LAW OFFICES OF Z. DEAN HAKKAK


                                             Michael J. Rand, Attorney for Plaintiffs,
                                             Juan Medina and Ramona Medina

7/11/2011 - 11:48:51 AM

MC–040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael J. Rand, Esq. (SBN: 69305) | |

LAW OFFICES OF MICHAEL J. RAND
16255 Ventura Blvd, Suite 1110
Encino, California 91436
TELEPHONE NO.: 818-783-3300        FAX NO. *(Optional):*  818-785-7595
E-MAIL ADDRESS *(Optional):*  michael@randlaw.org
ATTORNEY FOR *(Name):*  Juan Medina and Ramona Medina

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill St
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

| PLAINTIFF/PETITIONER:  Juan Medina and Ramona Medina | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Pile Trucking Inc., et al | BC462497 |
| | JUDICIAL OFFICER: |
| **NOTICE OF CHANGE OF ADDRESS** | DEPT.: |

1. Please take notice that, as of *(date):*  June 23, 2011
   ☐ the following party or
   ☑ the attorney for:
   a. ☑ plaintiff *(name):*  Juan Medina and Ramona Medina
   b. ☐ defendant *(name):*
   c. ☐ petitioner *(name):*
   d. ☐ respondent *(name):*
   e. ☐ other *(describe):*

   has changed his or her address for service of notices and documents in the above-captioned action.
   ☐ A list of additional parties represented is provided in Attachment 1.

2. The new address of *(name):*  Law Offices of Michael J. Rand
   is as follows:
   a. Street:  15760 Ventura Blvd., 7th Floor
   b. City:  Encino
   c. Mailing address *(if different from above):*
   d. State and zip code:  California 91436
   e. Telephone number:  818-783-3300    (no change)
   f. Fax number *(optional):*  818-783-7595    (no change)
   g. E-mail address *(optional):*  michael@randlaw.org

3. All notices and documents regarding the action should be sent to the above address.
   Date:  June 30, 2011

Michael J. Rand
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

**NOTICE OF CHANGE OF ADDRESS**
Cal. Rules of Court, rule 2.200
www.courtinfo.ca.gov

MC–040

| | | |
|---|---|---|
| PLAINTIFF: Juan Medina and Ramona Medina | CASE NUMBER: | |
| DEFENDANT: Pile Trucking Inc., et al | | BC462497 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF CHANGE OF ADDRESS

*(NOTE: You cannot serve the Notice of Change of Address if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
   15760 Ventura Blvd., 7th Floor
   Encino, California 91436

2. I served a copy of the *Notice of Change of Address* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Change of Address* was mailed:
   a. on *(date):* July 5, 2011
   b. from *(city and state):* Encino, California 91436

4. The envelope was addressed and mailed as follows:
   a. Name of person served:                                      c. Name of person served:
      Robert B. Salley, Esq
      Street address: 15250 Ventura Blvd.                           Street address:
      City   9th Floor; Sherman Oaks                                 City:
      State and zip code: CA 91403                                   State and zip code:

   b. Name of person served:                                      d. Name of person served:

      Street address:                                                Street address:
      City:                                                          City:
      State and zip code:                                            State and zip code:

   ☑ Names and addresses of additional persons served are attached. (You may use form POS-030(P).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 5, 2011

Brian Johnson
_____        ▶        _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

23434 – 1P

On Calendar

1  Michael J. Rand, Esq. (SBN: 69305)
2  LAW OFFICES OF MICHAEL J. RAND
   A Professional Corporation
3  15760 Ventura Blvd., Suite 700
   Encino, California 91436
4  Telephone: 818-783-3300
5  Facsimile: 818-783-7595

6  Z. Dean Hakkak, Esq. (SBN: 207655)
7  LAW OFFICES OF Z. DEAN HAKKAK
   5440 Beverly Blvd., Suite A
8  Los Angeles, CA 90022
9  Telephone: 323-838-1444
   Facsimile: 818-838-1226
10
11 Attorneys for Plaintiffs, Juan Medina
   and Ramona Medina
12
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
13
                    FOR THE COUNTY OF LOS ANGELES
14

15

16 |
17 | JUAN MEDINA and RAMONA          )   Case No: BC462497
   | MEDINA,                        )
18 |                                )   NOTICE OF CASE
   |         Plaintiffs,            )   MANAGEMENT CONFERENCE
19 |                                )
   |     v.                         )   Date: September 23, 2011
20 |                                )   Time: 8:30 a.m.
   | PILE TRUCKING, INC., EARL PILE )   Dept: 13
21 | TRUCKING, ALVIN FLYNN, and     )   Judge: Hon. Luis A. Lavin
22 | DOES 1 through 50, inclusive,   )
   |                                )
23 |         Defendants.            )
   |                                )
24 |_____)

25 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

26
27 PLEASE TAKE NOTICE that the above referenced court has set a Case Management

28

Conference for September 23, 2011, at 8:30 a.m., Department 13, before the Honorable Luis A. Lavin. A copy of the Court's order is attached hereto as Exhibit A.

Dated: July 5, 2011

LAW OFFICES OF MICHAEL J. RAND
LAW OFFICES OF Z. DEAN HAKKAK

_____
Michael J. Rand, Attorney for Plaintiffs,
Juan Medina and Ramona Medina

# EXHIBIT A

NOTICE SENT TO:

Rand, Michael J., Esq.
Law Offices of Michael J. Rand, A.P.C.
16255 Ventura Blvd., Suite 1110
Encino            CA   91436

ORIGINAL FILED

JUN 29 2011

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  | | CASE NUMBER |
|---|---|---|
| JUAN MEDINA ET AL | Plaintiff(s), | BC462497 |
| VS. | | |
| PILE TRUCKING INC ET AL | Defendant(s). | NOTICE OF CASE MANAGEMENT CONFERENCE |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for September 23, 2011 at 8:30 am in Dept. 13 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**    **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: June 29, 2011                                  LUIS A. LAVIN
                                                     Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[✓] by personally giving the party notice upon filing the complaint.
Date: June 29, 2011

John A. Clarke, Executive Officer/Clerk

by _P. Barrera_____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

POS-030

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Z. DEAN HAKKAK, ESQ. #204655<br>Law Offices of Z. Dean Hakkak<br>5440 East Beverly Blvd.<br>Los Angeles, CA. 90022<br><br>TELEPHONE NO: 323-832-9900    FAX NO. *(Optional):*   323-838-1226<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Juan Medina, et al., | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Los Angeles, CA. 90022
CITY AND ZIP CODE:
BRANCH NAME: Central District

PETITIONER/PLAINTIFF: Juan Medina and Ramona Medina

RESPONDENT/DEFENDANT: Pile Trucking, Inc., Early Pile Trucking, Alvin Flynn and Does 1 through 50

| | |
|---|---|
| **PROOF OF SERVICE BY FIRST–CLASS MAIL—CIVIL** | CASE NUMBER:<br>BC462497 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 5440 East Beverly Blvd., Los Angeles, CA. 90022

3. On *(date):* 07/14/2011    I mailed from *(city and state):* Los Angeles, CA.
   the following **documents** *(specify):* Notice of Case Management Conference

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Earl Pile Trucking
   b. **Address** of person served: 3023 W. Mary, Garden City, KS. 67846

   ☒ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 07/14/2011

Monica Arca
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                    (SIGNATURE OF PERSON COMPLETING THIS FORM)

# INFORMATION SHEET FOR PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL

*(This information sheet is not part of the Proof of Service and does not need to be copied, served, or filed.)*

**NOTE:** This form should **not** be used for proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Use these instructions to complete the *Proof of Service by First-Class Mail—Civil* (form POS-030).

A person over 18 years of age must serve the documents. There are two main ways to serve documents:
(1) by personal delivery and (2) by mail. Certain documents must be personally served. You must determine whether personal service is required for a document. Use the *Proof of Personal Service–Civil* (form POS-020) if the documents were personally served.

The person who served the documents by mail must complete a proof of service form for the documents served. **You cannot serve documents if you are a party to the action.**

## INSTRUCTIONS FOR THE PERSON WHO SERVED THE DOCUMENTS

The proof of service should be printed or typed. If you have Internet access, a fillable version of the Proof of Service form is available at *www.courtinfo.ca.gov/forms.*

*Complete the top section of the proof of service form as follows:*

<u>First box, left side:</u> In this box print the name, address, and telephone number of the person for whom you served the documents.

<u>Second box, left side:</u> Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as on the documents that you served.

<u>Third box, left side:</u> Print the names of the Petitioner/Plaintiff and Respondent/Defendant in this box. Use the same names as are on the documents that you served.

<u>First box, top of form, right side:</u> Leave this box blank for the court's use.

<u>Second box, right side:</u> Print the case number in this box. The case number should be the same as the case number on the documents that you served.

*Complete items 1–5 as follows:*

1. You are stating that you are over the age of 18 and that you are not a party to this action. You are also stating that you either live in or are employed in the county where the mailing took place.

2. Print your home or business address.

3. Provide the date and place of the mailing and list the name of each document that you mailed. If you need more space to list the documents, check the box in item 3, complete the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)), and attach it to form POS-030.

4. For item 4:

   Check box a if you personally put the documents in the regular U.S. mail.
   Check box b if you put the documents in the mail at your place of business.

5. Provide the name and address of each person to whom you mailed the documents. If you mailed the documents to more than one person, check the box in item 5, complete the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (form POS-030(P)), and attach it to form POS-030.

**At the bottom, fill in the date on which you signed the form, print your name, and sign the form. By signing, you are stating under penalty of perjury that all the information you have provided on form POS-030 is true and correct.**

**PROOF OF SERVICE BY FIRST CLASS MAIL—CIVIL**
**(Proof of Service)**

POS-030(P)

| SHORT TITLE: Medina, et al., v. Pile Trucking Inc., et al., | CASE NUMBER: BC462497 |
|---|---|

### ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

NAME AND ADDRESS OF EACH PESON SERVED BY MAIL:

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| Alvin Flynn | 613 Sarah St., Garden City, KS. 67846 |
| Robert E. Salley, Esq. Tharpe & Howell, LLP | 15250 Ventura Blvd., 9th Fl. Sherman Oaks, CA. 91403 |
| Michael J. Rand, Esq. Law Offices of Michael J. Rand | 15670 Ventura Blvd., Suite 700 Encino, CA. 91436 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)
(Proof of Service)

Legal Solutions Plus

Page 3 of 3

# Exhibit "B"

07/26/2011                213-623-7527-Ace Attorney Service by Fax                    1 of 5

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221
(818) 205-9955; (818) 205-9944 Fax

JUL 2 6 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

ROBERT B. SALLEY, ESQ.; STATE BAR NO.: 132883
NARGUESS NOOHI, ESQ., STATE BAR NO.: 274685

Attorneys for Defendants, PILE TRUCKING, INC., EARL PILE TRUCKING,
and ALVIN FLYNN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| JUAN MEDINA and RAMONA MEDINA, | ) | CASE NO.: BC 462497  BY FAX |
| Plaintiffs, | ) | *Civil Unlimited Jurisdiction* |
| | ) | *[assigned to the Honorable Luis A. Lavin,* |
| v. | ) | *Dept 13]* |
| PILE TRUCKING, INC., EARL PILE | ) | **ANSWER TO COMPLAINT** |
| TRUCKING, ALVIN FLYNN, and DOES 1 | ) | |
| through 50, inclusive, | ) | |
| Defendant(s). | ) | |

COME NOW defendants PILE TRUCKING, INC., EARL PILE TRUCKING, ALVIN

FLYNN, for themselves alone and for no other defendants, in answering the plaintiffs' Complaint

on file herein for themselves alone and for no other defendant admit, deny and allege as follows:

1. . Under the provisions of Section 431.30 of the California <u>Code of Civil Procedure</u>,

these answering defendants deny both generally and specifically each and every allegation in said

Complaint and the whole thereof, including each and every purported cause of action contained

therein, and deny that the plaintiffs sustained damages in any sum or sums, or at all.

2. Further answering plaintiffs' Complaint on file herein and the whole thereof,

including each and every purported cause of action contained therein, these answering defendants

deny that the plaintiffs sustained any injury, damage or loss, if any, by reason of any act or omission

on the part of these answering defendants, or any agent, servant or employee of these answering

- 1 -

**ANSWER TO COMPLAINT**

1    defendants.

2              FOR A FIRST SEPARATE AND

3              DISTINCT AFFIRMATIVE DEFENSE

4              THESE ANSWERING DEFENDANTS ALLEGE

5              3.     That plaintiffs herein are barred from any recovery herein on the basis that plaintiffs'

6    decedent's own negligence was the sole and proximate cause of the accident and injuries sustained

7    herein, but in the event a finding is made that negligence exists on the part of these answering

8    defendants which proximately contributed to plaintiffs' decedent's injuries and/or damages,

9    plaintiffs' amount of recovery, if any, shall be reduced on the basis of plaintiffs' decedent's own

10   comparative negligence which contributed to the accident herein and the injuries and/or damages

11   and claims upon which plaintiffs are seeking recovery against these answering defendants.

12             FOR A SECOND SEPARATE AND

13             DISTINCT AFFIRMATIVE DEFENSE

14             THESE ANSWERING DEFENDANTS ALLEGE

15             4.     That the injuries and damages, if any, sustained by plaintiffs' decedent were

16   proximately caused by the negligence, carelessness or fault of others, and therefore the plaintiffs

17   may recover from these defendants only that apportionment of damages directly attributable to the

18   negligence, carelessness or fault of these answering defendants (which allegation is being made

19   solely for the purpose of this pleading and without admitting such to be the fact).

20             FOR A THIRD SEPARATE AND

21             DISTINCT AFFIRMATIVE DEFENSE

22             THESE ANSWERING DEFENDANTS ALLEGE

23             5.     That the Complaint and each of the purported Causes of Action therein complained

24   fail to state a Cause of Action against these answering defendants.

25             FOR A FOURTH SEPARATE AND

26             DISTINCT AFFIRMATIVE DEFENSE

27             THESE ANSWERING DEFENDANTS ALLEGE

28             6.     That immediately prior to the occurrence of the incident referred to in the Complaint

THARPE & HOWELL, LLP<br>15250 Ventura Boulevard, Ninth Floor<br>Sherman Oaks, California 91403-3221

-2-

**ANSWER TO COMPLAINT**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  herein, plaintiffs' decedent failed to use and exercise caution for her own protection, and safety in

2  that among other things she freely and voluntarily placed herself in a position so as to be exposed

3  to a likelihood of injury and that at the time and place of said accident, plaintiffs' decedent was fully

4  aware of the dangers incident thereto and continued to freely and voluntarily expose herself to same,

5  and thereby assumed the risk thereof, and in having assumed the risk, is therefore barred by the

6  assumption of the risk for any recovery herein or the applicable abatement of such recovery, if any,

7  herein.

8          FOR A FIFTH SEPARATE AND

9          DISTINCT AFFIRMATIVE DEFENSE

10         THESE ANSWERING DEFENDANTS ALLEGE

11         7.      That if plaintiffs sustained any injuries or damages as a result of the accident or

12 incident complained of herein, then plaintiffs proximately caused, aggravated and/or failed to take

13 proper action to reduce and/or mitigate said injuries and damages.

14         FOR A SIXTH SEPARATE AND

15         DISTINCT AFFIRMATIVE DEFENSE

16         THESE ANSWERING DEFENDANTS ALLEGE

17         8.      In accordance with the provisions of California Civil Code Section 1431 Et. Seq.,

18 the liability of these answering defendants, if any, must be compared with the liability of others

19 including plaintiffs herein.  These defendants are not liable for any greater percentage of non-

20 economic damages if any than its percentage of liability bears to 100% liability.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

-3-

**ANSWER TO COMPLAINT**

1    WHEREFORE, these answering defendants pray that plaintiffs take nothing by way of the

2  Complaint on file herein and that these answering defendants may be hence dismissed with costs

3  of suit incurred herein and for such other and further relief as the Court may deem just and proper

4  in the premises.

5

6  DATED: July 26, 2011                         THARPE & HOWELL, LLP

7

8                                      By: _Narguess Noohi_
                                           ROBERT B. SALLEY
9                                          NARGUESS NOOHI
                                           Attorneys for Defendants
10                                         PILE TRUCKING, INC.,
                                           EARL PILE TRUCKING, and ALVIN FLYNN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 4 -

**ANSWER TO COMPLAINT**

## PROOF OF SERVICE
### [1013A (3) C.C.P.]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15250 Ventura Boulevard, 9th Floor, Sherman Oaks, California 91403-3221.

On July 26, 2011, I served the foregoing document described as **ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Michael J. Rand, Esq.                     Attorneys for Plaintiffs
LAW OFFICE OF MICHAEL J. RAND             JUAN MEDINA and RAMONA MEDINA
15760 Ventura Blvd., 7TH Floor
Encino, CA 91436
(818) 783-3300; Fax: (818) 783-7595

Z. Dean Hakkak, Esq.                      Attorneys for Plaintiffs
LAW OFFICES OF Z. DEAN HAKKAK             JUAN MEDINA and RAMONA MEDINA
5440 Beverly Boulevard, Suite A
Los Angeles, CA 90022
(323) 832-9900; Fax: (323) 838-1226

☒   (BY MAIL)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sherman Oaks, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   (BY FACSIMILE)  I served the foregoing document described above on all interested parties in this action by sending the document via facsimile pursuant to Rule 2005. The document was transmitted by facsimile transmission to the parties' fax numbers listed above, and transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine and a copy of the transmission report is attached to my file copy of this declaration.

☐   (BY E-MAIL OR ELECTRONIC TRANSMISSION).  I caused the foregoing document to be sent on the date shown below to the e-mail addresses of the persons listed above. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☐   (BY OVERNIGHT MAIL) I caused an envelope to be hand-delivered to a representative of Federal Express, DHL, or Express Mail at Sherman Oaks, California; whereupon said envelope is to be delivered by hand to a representative of the addressee on the next business day.

Executed on July 26, 2011, at Sherman Oaks, California.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Curtis Gostanian

I:\23434\Pleadings\ANSWER TO COMPLAINT.wpd

**ANSWER TO COMPLAINT**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Exhibit "C"

STATE OF CALIFORNIA
# TRAFFIC COLLISION REPORT
CHP 555 Page 1 (Rev. 11-06) OPI 065

Page 1 of 17

| SPECIAL CONDITIONS | NUMBER INJURED | HIT & RUN FELONY | CITY | COMMERCE | | JUDICIAL DISTRICT | EAST LOS ANGELES | LOCAL REPORT NUMBER 009-08072-0242-470 |
|---|---|---|---|---|---|---|---|---|
| FATAL | NUMBER KILLED 1 | HIT & RUN MISDEMEANOR | COUNTY | LOS ANGELES | REPORTING DISTRICT 0242 | BEAT 27TP | DAY OF WEEK S (M) T W T F S | TOW AWAY YES ☒ NO |

**LOCATION**

COLLISION OCCURRED ON: OLYMPIC BOULEVARD
MO. 07  DAY 06  YEAR 2009   TIME (2400) 1509 HRS   NCIC # 1900   OFFICER I.D. 459120

MILEPOST INFORMATION ___ OF ___
GPS COORDINATES   LATITUDE ___ LONGITUDE ___   STATE HWY REL ☐ YES ☒ NO

PHOTOGRAPHS BY: DETECTIVE J. YEE # 273531   ☐ NONE

☐ AT INTERSECTION WITH ___  ☒ OR: 9 ☒FEET/MILES E of GOODRICH BOULEVARD

| PARTY 1 | DRIVER'S LICENSE NUMBER NONE ISSUED | STATE — | CLASS — | AIR BAG P | SAFETY EQUIP W | VEH. YEAR UNKNOWN | MAKE/MODEL/COLOR RALEIGH/21 SPEED/GREEN-YELLOW-PINK | LICENSE NUMBER NONE | STATE N/A |
|---|---|---|---|---|---|---|---|---|---|

☒ DRIVER  NAME (FIRST MIDDLE LAST): SOPHIA NOEMI MEDINA
OWNER'S NAME ☒ SAME AS DRIVER

☐ PEDES-TRIAN  STREET ADDRESS: 516 WILLIAMSON AV
OWNER'S ADDRESS ☒ SAME AS DRIVER

☐ PARKED VEHICLE  CITY/STATE/ZIP: LOS ANGELES, CA 90022
DISPOSITION OF VEHICLE ON ORDERS OF ☒ OFFICER ☐ DRIVER ☐ OTHER: GIVEN TO NEXT OF KIN

☒ BICY-CLIST  SEX F  HAIR BLK  EYES BRN  HEIGHT 504  WEIGHT 170  BIRTHDATE Mo 09 Day 18 Year 90  RACE H
PRIOR MECHANICAL DEFECTS: ☒ NONE APPARENT ☐ REFER TO NARRATIVE

☐ OTHER  HOME PHONE (323) 516-0055  BUSINESS PHONE NONE
VEHICLE IDENTIFICATION NUMBER: NONE

INSURANCE CARRIER: NONE   POLICY NUMBER ___
VEHICLE TYPE D4   DESCRIBE VEHICLE DAMAGE ☐ UNK. ☐ NONE ☒ MINOR ☐ MOD. ☐ MAJOR ☐ ROLL-OVER   SHADE IN DAMAGED AREA

DIR OF TRAVEL N/B  ON STREET OR HIGHWAY: GOODRICH BOULEVARD   SPEED LIMIT 35 MPH
CA ___ DOT ___   CA-T ___ TCP/PSC ___ MC/MX ___

| PARTY 2 | DRIVER'S LICENSE NUMBER K60-18-4015 | STATE KS | CLASS F | AIR BAG M | SAFETY EQUIP. G | VEH. YEAR 2008 1996 | MAKE/MODEL/COLOR PTRB/3X TRAC/ RED UTIL/2XTL/ STEEL | LICENSE NUMBER 96777 462191 | STATE KS KS |
|---|---|---|---|---|---|---|---|---|---|

☒ DRIVER  NAME (FIRST, MIDDLE, LAST): ALVIN, L, FLYNN
OWNER'S NAME ☐ SAME AS DRIVER: PILE TRUCKING INC.

☐ PEDES-TRIAN  STREET ADDRESS: 613 SARAH STREET
OWNER'S ADDRESS ☐ SAME AS DRIVER: 3023 W. MARY GARDEN CITY, KS 67846

☐ PARKED VEHICLE  CITY/STATE/ZIP: GARDEN CITY, KS 67846
DISPOSITION OF VEHICLE ON ORDERS OF: ☐ OFFICER ☒ DRIVER ☐ OTHER: DRIVEN AWAY

☐ BICY-CLIST  SEX M  HAIR BRN  EYES BRN  HEIGHT 507  WEIGHT 230  BIRTHDATE Mo 07 Day 18 Year 46  RACE W
PRIOR MECHANICAL DEFECTS: ☒ NONE APPARENT ☐ REFER TO NARRATIVE

☐ OTHER  HOME PHONE 620-290-0482  BUSINESS PHONE 800-835-0144
VEHICLE IDENTIFICATION NUMBER: 1XPXD49X38D737433

INSURANCE CARRIER: HARCO NATIONAL   POLICY NUMBER TPU3041108-D1
VEHICLE TYPE 27 4U   DESCRIBE VEHICLE DAMAGE ☐ UNK. ☒ NONE ☐ MINOR ☐ MOD. ☐ MAJOR ☐ ROLL-OVER   SHADE IN DAMAGED AREA: NONE

DIR OF TRAVEL N/B  ON STREET OR HIGHWAY: GOODRICH BLVD   SPEED LIMIT 35 MPH
CA ___ DOT ___   CA-T ___ TCP/PSC ___ MC/MX ___

| PARTY 3 | DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE/MODEL/COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|---|---|

☐ DRIVER  NAME (FIRST, MIDDLE, LAST)
OWNER'S NAME ☐ SAME AS DRIVER

☐ PEDES-TRIAN  STREET ADDRESS
OWNER'S ADDRESS ☐ SAME AS DRIVER

☐ PARKED VEHICLE  CITY/STATE/ZIP
DISPOSITION OF VEHICLE ON ORDERS OF ☐ OFFICER ☐ DRIVER ☐ OTHER

☐ BICY-CLIST  SEX  HAIR  EYES  HEIGHT  WEIGHT  BIRTHDATE Mo Day Year  RACE
PRIOR MECHANICAL DEFECTS ☐ NONE APPARENT ☐ REFER TO NARRATIVE

☐ OTHER  HOME PHONE  BUSINESS PHONE
VEHICLE IDENTIFICATION NUMBER

INSURANCE CARRIER   POLICY NUMBER
VEHICLE TYPE   DESCRIBE VEHICLE DAMAGE ☐ UNK. ☐ NONE ☐ MINOR ☐ MOD. ☐ MAJOR ☐ ROLL-OVER   SHADE IN DAMAGED AREA

DIR OF TRAVEL  ON STREET OR HIGHWAY   SPEED LIMIT
CA ___ DOT ___   CA-T ___ TCP/PSC ___ MC/MX ___

| PREPARER'S NAME | DISPATCH NOTIFIED | REVIEWER'S NAME | DATE REVIEWED |
|---|---|---|---|
| R. MUNOZ #459120 | ☒ YES ☐ NO ☐ N/A | J. YEE # 273531 | AUG 2 4 2009 |

Destroy previous editions

STATE OF CALIFORNIA
# TRAFFIC COLLISION CODING
CHP 555 Page 2 (Rev. 7-03) OPI 065

Page 2 of 17

| DATE OF COLLISION (MO. DAY YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 07/06/09 | 1509 HRS | 1900 | 459120 | 009-08072-0248-42 |

| PROPERTY DAMAGE | OWNER'S NAME | | OWNER'S ADDRESS | | NOTIFIED ☐ YES |
|---|---|---|---|---|---|
| | DESCRIPTION OF DAMAGE | | | | |

## SEATING POSITION

```
   ^
 1 2 3
 4 5 6
   7
```

1 - DRIVER
2 TO 6 - PASSENGERS
7 - STATION WAGON REAR
8 - REAR OCC. TRK. OR VAN
9 - POSITION UNKNOWN
0 - OTHER

## OCCUPANTS
A - NONE IN VEHICLE
G - UNKNOWN
B - LAP BELT USED
C - LAP BELT NOT USED
E - SHOULDER HARNESS USED
D - SHOULDER HARNESS NOT USED
F - LAP/SHOULDER HARNESS USED
H - LAP/SHOULDER HARNESS NOT USED
J - PASSIVE RESTRAINT USED
K - PASSIVE RESTRAINT NOT USED

## SAFETY EQUIPMENT
L - AIR BAG DEPLOYED
M - AIR BAG NOT DEPLOYED
N - OTHER
P - NOT REQUIRED

### CHILD RESTRAINT
Q - IN VEHICLE USED
R - IN VEHICLE NOT USED
S - IN VEHICLE USE UNKNOWN
T - IN VEHICLE IMPROPER USE

| M / C BICYCLE - HELMET | |
|---|---|
| DRIVER | PASSENGER |
| V - NO | X - NO |
| W - YES | Y - YES |

### EJECTED FROM VEHICLE
0 - NOT EJECTED
1 - FULLY EJECTED
2 - PARTIALLY EJECTED
3 - UNKNOWN

## INATTENTION CODES
A - CELLPHONE HANDHELD
B - CELLPHONE HANDSFREE
C - ELECTRONIC EQUIPMENT
D - RADIO / CD
E - SMOKING
F - EATING
G - CHILDREN
H - ANIMALS
I - PERSONAL HYGIENE
J - READING
K - OTHER

**ITEMS MARKED BELOW FOLLOWED BY AN ASTERISK (*) SHOULD BE EXPLAINED IN THE NARRATIVE.**

## PRIMARY COLLISION FACTOR
LIST NUMBER (#) OF PARTY AT FAULT

A [X] VC SECTION VIOLATED ☑ CITED ☐ YES
`21804 (a) CVC`

B - OTHER IMPROPER DRIVING*

C - OTHER THAN DRIVER*

D - UNKNOWN

## WEATHER (MARK 1 TO 2 ITEMS)
[X] A - CLEAR
B - CLOUDY
C - RAINING
D - SNOWING
E - FOG / VISIBILITY _____ FT.
F - OTHER*
G - WIND

## LIGHTING
[X] A - DAYLIGHT
B - DUSK - DAWN
C - DARK - STREET LIGHTS
D - DARK - NO STREET LIGHTS
E - DARK - STREET LIGHTS NOT FUNCTIONING*

## ROADWAY SURFACE
[X] A - DRY
B - WET
C - SNOWY - ICY
D - SLIPPERY (MUDDY, OILY, ETC.)

## ROADWAY CONDITION(S)
(MARK 1 TO 2 ITEMS)
A - HOLES, DEEP RUT*
B - LOOSE MATERIAL ON ROADWAY*
C - OBSTRUCTION ON ROADWAY*
D - CONSTRUCTION - REPAIR ZONE
E - REDUCED ROADWAY WIDTH
F - FLOODED*
G - OTHER*
[X] H - NO UNUSUAL CONDITIONS

## TRAFFIC CONTROL DEVICES
[X] A - CONTROLS FUNCTIONING*
B - CONTROLS NOT FUNCTIONING*
C - CONTROLS OBSCURED
D - NO CONTROLS PRESENT / FACTOR*

## TYPE OF COLLISION
A - HEAD - ON
B - SIDE SWIPE
C - REAR END
D - BROADSIDE
E - HIT OBJECT
F - OVERTURNED
G - VEHICLE / PEDESTRIAN
[X] H - OTHER* `BICYCLE`

## MOTOR VEHICLE INVOLVED WITH
A - NON - COLLISION
B - PEDESTRIAN
C - OTHER MOTOR VEHICLE
D - MOTOR VEHICLE ON OTHER ROADWAY
E - PARKED MOTOR VEHICLE
F - TRAIN
[X] G - BICYCLE
H - ANIMAL
I - FIXED OBJECT
J - OTHER OBJECT

## PEDESTRIAN'S ACTIONS
[X] A - NO PEDESTRIANS INVOLVED
B - CROSSING IN CROSSWALK - AT INTERSECTION
C - CROSSING IN CROSSWALK - NOT AT INTERSECTION
D - CROSSING - NOT IN CROSSWALK
E - IN ROAD - INCLUDES SHOULDER
F - NOT IN ROAD
G - APPROACHING / LEAVING SCHOOL BUS

### SPECIAL INFORMATION

| | 1 | 2 | 3 | |
|---|---|---|---|---|
| A - HAZARDOUS MATERIAL | | | | |
| B - CELL PHONE HANDHELD IN USE | | | [X] | |
| C - CELL PHONE HANDSFREE IN USE | | | | |
| D - CELL PHONE HOT IN USE | | | | |
| E - SCHOOL BUS RELATED | | | | |
| F - 75 FT MOTORTRUCK COMBO | | | | |
| G - 32 FT TRAILER COMBO | | | | |
| H - `UNKNOWN` | [X] | | | |
| I | | | | |
| J | | | | |
| K | | | | |
| L | | | | |
| M | | | | |
| N | | | | |
| O | | | | |

### OTHER ASSOCIATED FACTOR(S)
(MARK 1 TO 2 ITEMS)

| | 1 | 2 | 3 | |
|---|---|---|---|---|
| A [X] VC SECTION VIOLATED `21663 CVC` | CITED ☐ YES ☐ NO | | | |
| B - VC SECTION VIOLATION | CITED ☐ YES ☐ NO | | | |
| C - VC SECTION VIOLATION | CITED ☐ YES ☐ NO | | | |
| D | | | [X] | |
| E - VISION OBSCUREMENT | | | | |
| F - INATTENTION* | | | | |
| G - STOP & GO TRAFFIC | | | | |
| H - ENTERING / LEAVING RAMP | | | | |
| I - PREVIOUS COLLISION | | | | |
| J - UNFAMILIAR WITH ROAD | | | | |
| K - DEFECTIVE VEH. EQUIP. CITED ☐ YES ☐ NO | | | [X] | |
| L - UNINVOLVED VEHICLE | | | | |
| M - OTHER* | | | | |
| N - NONE APPARENT | | | | |
| [X] O - RUNAWAY VEHICLE | | | | |

### MOVEMENT PRECEDING COLLISION
A - STOPPED
B - PROCEEDING STRAIGHT
C - RAN OFF ROAD
D - MAKING RIGHT TURN
E - MAKING LEFT TURN
F - MAKING U TURN
G - BACKING
H - SLOWING / STOPPING
I - PASSING OTHER VEHICLE
J - CHANGING LANES
K - PARKING MANEUVER
L - ENTERING TRAFFIC
M - OTHER UNSAFE TURNING
N - XING INTO OPPOSING LANE
O - PARKED
P - MERGING
Q - TRAVELING WRONG WAY
R - OTHER*

### SOBRIETY - DRUG PHYSICAL
(MARK 1 TO 2 ITEMS)

| | 1 | 2 | 3 |
|---|---|---|---|
| A - HAD NOT BEEN DRINKING | | | |
| B - HBD - UNDER INFLUENCE | | | |
| C - HBD - NOT UNDER INFLUENCE* | | | [X] |
| D - HBD - IMPAIRMENT UNKNOWN* | | | |
| E - UNDER DRUG INFLUENCE* | | | |
| F - IMPAIRMENT - PHYSICAL* | | | |
| G - IMPAIRMENT NOT KNOWN | | | [X] |
| H - NOT APPLICABLE | | | |
| I - SLEEPY / FATIGUED* | | | |

## SKETCH

INDICATE NORTH ⊕

`OLYMPIC BL`

`GOODRICH`

`BL`

`P/2`

### MISCELLANEOUS

`AOI`
`7 W/SCL OLYMPIC BL`
`9' S/ECL GOODRICH BL`

CHP OSP 07 100656

c555_t.06.frp

STATE OF CALIFORNIA
**INJURED / WITNESS / PASSENGERS**
CHP 555 Page 3 (Rev. 1-03) OPI 061

Page 3 of 17

| DATE OF COLLISION (MO. DAY YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 07/06/09 | 1509 Hrs | 1900 | 459120 | 009-08072-0242-470 |

| | | | | EXTENT OF INJURY ("X" ONE) | | | | INJURED WAS ("X" ONE) | | | | | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | FATAL INJURY | SEVERE INJURY | OTHER VISIBLE INJURY | COMPLAINT OF PAIN | DRIVER | PASS. | PED. | BICYCLIST | OTHER | | | | | |
| ☐ # | ☐ | | | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | 1 | 1 | P | W | 1 |

NAME / D.O.B. / ADDRESS     SAME AS P.1
(INJURED ONLY) TRANSPORTED BY:     NO TRANSPORTATION, TREATED AT SCENE, LA CO FIRE ENG 22, CAPT. ESCAMILLA     TAKEN TO:
DESCRIBE INJURIES     BLUNT FORCE TRAUMA

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☒ # 1 | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | | TELEPHONE |

NAME / D.O.B. / ADDRESS     LINDA MONARREZ / 05/13/74 / 724 N. HUMPHREYS AVE, LOS ANGELES, 90036  323-252-1715
(INJURED ONLY) TRANSPORTED BY:     TAKEN TO:
DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☐ # | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | | TELEPHONE |

NAME / D.O.B. / ADDRESS
(INJURED ONLY) TRANSPORTED BY:     TAKEN TO:
DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☐ # | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | | TELEPHONE |

NAME / D.O.B. / ADDRESS
(INJURED ONLY) TRANSPORTED BY:     TAKEN TO:
DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☐ # | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | | TELEPHONE |

NAME / D.O.B. / ADDRESS
(INJURED ONLY) TRANSPORTED BY:     TAKEN TO:
DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| ☐ # | ☐ | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | | TELEPHONE |

NAME / D.O.B. / ADDRESS
(INJURED ONLY) TRANSPORTED BY:     TAKEN TO:
DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| PREPARER'S NAME | I.D. NUMBER | MO. DAY YEAR | REVIEWER'S NAME | MO. DAY YEAR |
|---|---|---|---|---|
| R. MUNOZ | 459120 | 07 20 09 | | |





STATE OF CALIFORNIA
FACTUAL DIAGRAM
CHP 555 Page 4 (Rev. 1-03)  OPI 061

Page 6 of 7

| DATE OF COLLISION, MO. DAY YEAR | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 07 06 09 | 1509 | 1900 | 459120 | 009-08072-0242-4X |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE = 1/20'   )



INDICATE
NORTH

| PREPARED BY | I.D. NUMBER | MO DAY YEAR | REVIEWER'S NAME | MO DAY YEAR |
|---|---|---|---|---|
| MUNOZ JR | 459120 | 07 20 09 | | |

OSP 03 75578

STATE OF CALIFORNIA
**FACTUAL DIAGRAM**
CHP 555 Page 4 (Rev. 1-03) OPI 061

Page 7 of 7

| DATE OF COLLISION (MO. DAY YEAR) | TIME (2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 07 06 09 | 1509 | 1900 | 459120 | 809-08072-0242-470 |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE = 1/20' )



| PREPARED BY | I.D. NUMBER | MO DAY YEAR | REVIEWER'S NAME | MO DAY YEAR |
|---|---|---|---|---|
| MUNOZ JR | 459120 | 07 2009 | | |

OSP 03 75578





STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                                   Page *10*
CHP 556 (Rev. 7-90) OPI 065

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-09 | 1509 | 1900 | 459120 | 009-08072-0242-470 |

TYPE SUPPLEMENTAL ('X' APPLICABLE)

'X' ONE
- [X] Narrative
- [ ] Supplemental

'X' ONE
- [X] Collision Report
- [ ] Other:

- [ ] BA Update
- [ ] Hazardous Materials
- [ ] Fatal
- [ ] School Bus
- [ ] Hit and Run Update
- [ ] Other:

| CITY/COUNTY/JUDICIAL DISTRICT | REPORTING DISTRICT/BEAT | CITATION NUMBER |
|---|---|---|
| COMMERCE/LOS ANGELES/EAST LOS ANGELES | 0242 /2874P | NONE |

STATE HIGHWAY RELATED
- [ ] Yes  [X] No

LOCATION/SUBJECT
OLYMPIC BOULEVARD/GOODRICH BOULEVARD

1.
2.            AREA OF IMPACT
3.      7'N/SCL OLYMPIC BL
4.      9'E/ECL GOODRICH BL
5.
6.      AREA OF REST P/1              AREA OF REST P/2
7.      15'N/SCL OLYMPIC BL          24'N/SCL OLYMPIC BL
8.      22'E/ECL GOODRICH BL         252'E/ECL GOODRICH BL
9.
10.          PHYSICAL EVIDENCE
11.   A. AREA OF IMPACT
12.   B. AREA OF REST OF P/1
13.   C. AREA OF REST OF P/2
14.   1. P/1 EYE GLASSES
15.   2. P/1 HELMET
16.   3. P/1 BICYCLE
17.   4. P/1 CELLPHONE
18.   5. P/1 BACKPACK
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.
29.
30.                                                              [ ] Continued
31.

| PREPARER'S NAME and I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNOZ IA #459120 | 07-20-09 | | |

Use previous editions until depleted                          c556_498.frp

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**
CHP 556 (Rev. 7-90) OPI 065

Page 11

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-07 | 1509 | 1900 | 459120 | 009-08072-0242-470 |

| "X" ONE | "X" ONE | TYPE SUPPLEMENTAL ("X" APPLICABLE) | | | |
|---|---|---|---|---|---|
| ☑ Narrative | ☑ Collision Report | ☐ BA Update | ☐ Fatal | ☐ Hit and Run Update | |
| ☐ Supplemental | ☐ Other: | ☐ Hazardous Materials | ☐ School Bus | ☐ Other: | |

| CITY/COUNTY/JUDICIAL DISTRICT | REPORTING DISTRICT/BEAT | CITATION NUMBER |
|---|---|---|
| COMMERCE / LOS ANGELES / EAST LOS ANGELES | 0242/277A | NONE |

LOCATION/SUBJECT
OLYMPIC BOULEVARD / GOODRICH BOULEVARD

STATE HIGHWAY RELATED  ☐ Yes  ☑ No

LOCATION OF PHYSICAL EVIDENCE

| # | FT. | DIR | REFERENCE POINT | FT. | DIR. | SECOND REFERENCE POINT |
|---|---|---|---|---|---|---|
| A | 7'5" | N | OLYMPIC BL | 9'9" | E | GOODRICH BL |
| B | 15'2" | N | OLYMPIC BL | 22'0" | E | GOODRICH BL |
| C | 24'0" | N | OLYMPIC BL | 25'2' | E | GOODRICH BL |
| 1 | 14'1" | N | OLYMPIC BL | 25'9" | E | GOODRICH BL |
| 2 | 14'0" | N | OLYMPIC BL | 26'0" | E | GOODRICH BL |
| 3 | 19'1" | N | OLYMPIC BL | 21'1' | E | GOODRICH BL |
| 4 | 14'1" | N | OLYMPIC BL | 25'9" | E | GOODRICH BL |
| 5 | 13'2" | N | OLYMPIC BL | 21'7" | E | GOODRICH BL |

☐ Continued

| PREPARER'S NAME and I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNOZ R. #459120 | 07-20-09 | | |

Use previous editions until depleted

c556_498.frp

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**
CHP 556 (Rev. 7-90) OPI 065

Page **12**

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-09 | 1509 | 1900 | 459120 | 009-08072-0242-470 |

| 'X' ONE | 'X' ONE | TYPE SUPPLEMENTAL ('X' APPLICABLE) | | |
|---|---|---|---|---|
| ☒ Narrative | ☒ Collision Report | ☐ BA Update  ☐ Fatal | ☐ Hit and Run Update | |
| ☐ Supplemental | ☐ Other: | ☐ Hazardous Materials  ☐ School Bus | ☐ Other: | |

| CITY/COUNTY/JUDICIAL DISTRICT | REPORTING DISTRICT/BEAT | CITATION NUMBER |
|---|---|---|
| COMMERCE/LOS ANGELES/EAST LOS ANGELES | 0242/27TH 18 | A JONE |

STATE HIGHWAY RELATED   ☐ Yes   ☒ No

LOCATION/SUBJECT
OLYMPIC BOULEVARD/GOODRICH BOULEVARD

1. **NOTIFICATION:**
2.       AT APPROXIMATELY 1511 HRS, I RECEIVED AN
3. EMERGENCY CALL (VIA HANDHELD RADIO) REGARDING
4. A TRAFFIC COLLISION BETWEEN A TRUCK AND A
5. BICYCLIST.

6.
7.       UPON MY ARRIVAL, P/1 (MEDINA, SOPHIA FH/09-18-90) WAS
8. LYING ON HER BACK. HER HEAD WAS FACING SOUTH
9. AND HER FEET WERE FACING NORTH. DIRECTLY
10. SOUTH OF HER FEET WAS HER BICYCLE RESTING ON
11. ITS SIDE IN AN EAST-WEST DIRECTION. THE
12. WEATHER, LIGHTING AND ROADWAY CONDITIONS
13. WERE GOOD.

14.
15. **I. FACTS**
16.       A. SCENE
17.          1. ROADWAY CONDITIONS-
18.       THIS COLLISION OCCURRED AT THE
19. INTERSECTION OF OLYMPIC BOULEVARD AND
20. GOODRICH BOULEVARD.

21.
22.       OLYMPIC BOULEVARD IS A TWO-WAY, EAST-WEST,
23. FOUR-LANE, STRAIGHT AND LEVEL ASPHALT PAVED
24. CITY STREET. THERE ARE TWO LANES OF TRAVEL IN
25. EACH DIRECTION AND A LEFT TURN LANE IN EACH
26. DIRECTION. DIRECTION OF TRAVEL IS DELINEATED
27. BY A PAINTED SOLID YELLOW LINE WITH BOTT'S DOTS.
28. INDIVIDUAL LANES OF TRAVEL ARE DELINEATED BY PAINTED
29. DASHED WHITE LINES WITH BOTT'S DOTS. IT IS BORDERED
30. TO THE NORTH AND SOUTH BY RAISED CONCRETE CURBS.

☐ Continued

31.

| PREPARER'S NAME AND I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNOZ, A. #459120 | 07-20-09 | | |

Use previous editions until depleted

c556_498.frp

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**
CHP 556 (Rev. 7-90) OPI 065

Page *13*

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-09 | 1509 | 1900 | 459120 | 009-08072-0242-470 |

X ONE
- [X] Narrative
- [ ] Supplemental

X ONE
- [X] Collision Report
- [ ] Other:

TYPE SUPPLEMENTAL (X APPLICABLE)
- [ ] BA Update
- [ ] Hazardous Materials
- [ ] Fatal
- [ ] School Bus
- [ ] Hit and Run Update
- [ ] Other:

CITY/COUNTY/JUDICIAL DISTRICT
COMMERCE / LOS ANGELES / EAST LOS ANGELES

| REPORTING DISTRICT/BEAT | CITATION NUMBER |
|---|---|
| 0242 / 227 IA | NONE |

STATE HIGHWAY RELATED
- [ ] Yes
- [X] No

LOCATION/SUBJECT
OLYMPIC BOULEVARD / GOODRICH BOULEVARD

1. (I. FACTS, CONTINUED)
2. GOODRICH BOULEVARD IS A TWO-WAY, NORTH-SOUTH,
3. FOUR-LANE, STRAIGHT AND LEVEL ASPHALT PAVED
4. CITY STREET. THERE ARE TWO LANES OF TRAVEL IN
5. EACH DIRECTION AND A RIGHT TURN LANE IN THE NORTHBOUND
6. DIRECTION. DIRECTION OF TRAVEL IS DELINEATED BY
7. A PAINTED SOLID YELLOW LINE WITH BOTT'S DOTS.
8. INDIVIDUAL LANES OF TRAVEL ARE DELINEATED BY
9. PAINTED DASHED WHITE LINES WITH BOTT'S DOTS. IT
10. IS BORDERED TO THE EAST AND WEST BY RAISED
11. CONCRETE CURBS.
12.
13.
14. 2. TRAFFIC CONTROLS-
15. THIS INTERSECTION IS CONTROLLED BY A
16. TRI-PHASE, POLE AND MAST MOUNTED TRAFFIC
17. SIGNALS WHICH I OBSERVED TO BE CYCLING
18. PROPERLY DURING THE COURSE OF MY INVESTIGATION.
19.
20. B. MEASUREMENTS-
21. MEASUREMENTS TAKEN WERE APPROXIMATE
22. USING A ROLATAPE MEASURING DEVICE.
23.
24.
25.
26.
27.
28.
29.
30.                                                                    [ ] Continued
31.

| PREPARER'S NAME AND I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNOZ IL #459120 | 7-20-09 | | |

Use previous editions until depleted

c556_498.frp

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**
CHP 556 (Rev. 7-90) OPI 065

Page 14

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-09 | 1509 | 1900 | 459120 | 009-08072-0242-470 |

| X ONE | X ONE | TYPE SUPPLEMENTAL (X APPLICABLE) | | |
|---|---|---|---|---|
| ☒ Narrative | ☒ Collision Report | ☐ BA Update | ☐ Fatal | ☐ Hit and Run Update |
| ☐ Supplemental | ☐ Other: | ☐ Hazardous Materials | ☐ School Bus | ☐ Other: |

| CITY/COUNTY/JUDICIAL DISTRICT | REPORTING DISTRICT/BEAT | CITATION NUMBER |
|---|---|---|
| COMMERCE/LOS ANGELES/EAST LOS ANGELES | 0242/277IP | NONE |

LOCATION/SUBJECT: OLYMPIC BOULEVARD/GOODRICH BOULEVARD

STATE HIGHWAY RELATED: ☐ Yes ☒ No

1. B. MEASUREMENTS (CONTINUED)
2.    1. AREA OF IMPACT (A.O.I.)
3.    REFER TO FACTUAL DIAGRAM AND LEGEND.
4. THE A.O.I. WAS DETERMINED BY STATEMENTS
5. AND PHYSICAL EVIDENCE.
6.
7.    2. AREA OF REST (A.O.R.)
8.    THE A.O.R. WAS DETERMINED FROM THE
9. CENTER OF P/1 WHILE AT REST ON HER BACK (REFER
10. TO FACTUAL DIAGRAM AND LEGEND OF LOCATIONS)
11.
12. C. PHYSICAL EVIDENCE
13.
14.    1. SKID MARKS—
15.    NONE
16.
17.    2. DEBRIS—
18.    NONE
19.
20.    3. OTHER PHYSICAL EVIDENCE—
21.    REFER TO FACTUAL DIAGRAM AND LEGEND
22.
23.
24.
25.
26.
27.
28.
29.
30.    ☐ Continued
31.

| PREPARER'S NAME and I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNOZ R #459120 | 07-20-09 | | |

Use previous editions until depleted

c556_498.frp

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**
CHP 556 (Rev. 7-90) OPI 065

Page 5

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-09 | 1509 | 1900 | 459120 | 009-08072-0242-470 |

'X' ONE
☒ Narrative
☐ Supplemental

'X' ONE
☒ Collision Report
☐ Other:

TYPE SUPPLEMENTAL ('X' APPLICABLE)
☐ BA Update     ☐ Fatal
☐ Hazardous Materials     ☐ School Bus
☐ Hit and Run Update
☐ Other:

CITY/COUNTY/JUDICIAL DISTRICT
COMMERCE/LOS ANGELES/EAST LOS ANGELES

REPORTING DISTRICT/BEAT: 0242/2771P
CITATION NUMBER: NONE

STATE HIGHWAY RELATED: ☐ Yes  ☒ No

LOCATION/SUBJECT
OLYMPIC BOULEVARD/GOODRICH BOULEVARD

1. II. STATEMENTS
2. A. PARTIES-
3. P/1-NO STATEMENT OBTAINED DUE TO
4. FATAL INJURY
5.
6. P/2 SAID HE WAS TRAVELING N/B #2 LANE
7. OF GOODRICH BL AT APPROXIMATELY 30 MPH. AS P/2
8. APPROACHED THE ABOVE INTERSECTION, HE SLOWED
9. HIS VEHICLE TO APPROXIMATELY 5 MPH (FACING A GREEN LIGHT)
10. IN ORDER TO CONDUCT A RIGHT TURN (E/B) ONTO
11. OLYMPIC BL. AS HE MADE THE RIGHT TURN, P/2
12. DID NOT SEE ANY VEHICLES OR PEDESTRIANS IN
13. THE CROSSWALK OR RIGHT SIDE OF HIS TRUCK. PRIOR
14. TO THE TURN, HE LOOKED TOWARDS THE
15. PASSENGER SIDE VIEW MIRROR AND TURNED ON
16. HIS RIGHT TURN BLINKER. AS P/2 COMPLETED
17. HIS TURN FROM THE #2 N/B LANE OF GOODRICH BL
18. TO THE #1 E/B LANE OF OLYMPIC BL, HE FELT THE
19. REAR TIRES OF HIS TRAILER HIT WHAT HE
20. BELIEVED WAS THE SOUTH CURBLINE OF OLYMPIC BL.
21. P/2 LOOKED IN THE PASSENGER SIDE VIEW MIRROR
22. AND SAW WHAT HE BELIEVED TO BE A PERSON AND
23. BICYCLE LYING ON THE STREET. P/2 IMMEDIATELY
24. STOPPED HIS TRUCK.

☐ Continued

| PREPARER'S NAME and I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNOZ, R #459120 | 07-20-09 | | |

Use previous editions until depleted

c556_498.frp

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**
CHP 556 (Rev. 7-90) OPI 065

Page 16

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-09 | 1509 | 1900 | 459120 | 009-08072-0242-470 |

'X' ONE
[X] Narrative
[ ] Supplemental

'X' ONE
[X] Collision Report
[ ] Other:

TYPE SUPPLEMENTAL ("X" APPLICABLE)
[ ] BA Update       [ ] Fatal
[ ] Hazardous Materials   [ ] School Bus

[ ] Hit and Run Update
[ ] Other:

CITY/COUNTY/JUDICIAL DISTRICT
COMMERCE/LOS ANGELES/EAST LOS ANGELES

| REPORTING DISTRICT/BEAT | CITATION NUMBER |
|---|---|
| 0242 /277IP | NONE |

STATE HIGHWAY RELATED
[ ] Yes   [X] No

LOCATION/SUBJECT
OLYMPIC BOULEVARD/GOODRICH BOULEVARD

1. II. STATEMENTS (CONTINUED)
2.        B. WITNESSES
3.        I CONTACTED WITNESS LINDA MONARREZ AT
4. THE SCENE OF THIS COLLISION, WHO TOLD ME THE
5. FOLLOWING: WITNESS MONARREZ WAS STANDING
6. NEXT TO A TREE JUST SOUTH OF A BUS STOP ON THE
7. SOUTH SIDEWALK OF OLYMPIC BL. SHE SAW
8. P/1 RIDING HER BICYCLE ON THE EAST SIDEWALK
9. OF GOODRICH BL. SIMULTANEOUS TO THIS, SHE
10. SAW P/2 MAKING A RIGHT TURN (EIB) FROM
11. N/B GOODRICH BL ONTO OLYMPIC BL AND THE
12. TRAFFIC SIGNAL WAS GREEN. AS P/2 WAS ABOUT TO
13. COMPLETE HIS TURN, SHE SAW P/1 CONTINUE N/B ON
14. THE EAST SIDEWALK AND THEN INTO THE CROSSWALK
15. OF OLYMPIC BL (CONTINUING N/B). WITNESS MONARREZ
16. THEN SAW THE REAR TIRES OF P/2'S CONTAINER
17. HIT P/1 AS SHE RODE HER BICYCLE INTO THE
18. CROSSWALK. WITNESS MONARREZ HAD A CLEAR AND
19. UNOBSTRUCTED VIEW OF THIS INCIDENT.
20.
21. III. OPINIONS AND CONCLUSIONS
22.        A. SUMMARY
23.        P/2 MADE A RIGHT TURN (EIB) ONTO OLYMPIC BL
24. FROM N/B GOODRICH BL. P/2'S REAR TIRES OF HIS VEHICLE'S
25. TRAILER HIT P/1 AS SHE RODE INTO THE CROSSWALK
26. N/B ON THE EAST SIDEWALK OF GOODRICH BL.
27.
28.
29.
30.                                                          [ ] Continued
31.

| PREPARER'S NAME and I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNOZ, R #459120 | 07-20-09 | | |

Use previous editions until depleted

c556_498.frp

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**
CHP 556 (Rev. 7-90) OPI 065

Page 17

| DATE OF INCIDENT/OCCURRENCE | TIME (2400) | NCIC NUMBER | OFFICER I.D. NUMBER | NUMBER |
|---|---|---|---|---|
| 07-06-09 | 1509 | 1700 | 459120 | 609-08072-0242-47D |

| 'X' ONE | 'X' ONE | TYPE SUPPLEMENTAL ('X' APPLICABLE) | | |
|---|---|---|---|---|
| ☒ Narrative | ☒ Collision Report | ☐ BA Update  ☐ Fatal | ☐ Hit and Run Update | |
| ☐ Supplemental | ☐ Other: | ☐ Hazardous Materials  ☐ School Bus | ☐ Other: | |

| CITY/COUNTY/JUDICIAL DISTRICT | REPORTING DISTRICT/BEAT | CITATION NUMBER |
|---|---|---|
| COMMERCE/LOS ANGELES/EAST LOS ANGELES | 0242/1277 10 | NONE |

LOCATION/SUBJECT
STATE HIGHWAY RELATED   ☐ Yes   ☒ No

OLYMPIC BOULEVARD/GOODRICH BOULEVARD

1.  III  OPINIONS AND CONCLUSIONS (CONTINUED)
2.      B. ADDITIONAL INFORMATION
3.        A THOROUGH SEARCH WAS DONE FOR ADDITIONAL
4.      WITNESSES, HOWEVER, NONE WERE FOUND.
5.
6.      A THOROUGH SEARCH WAS DONE FOR SURVEILLANCE
7.      VIDEO OF THE NEARBY BUSINESSES. REFER TO
8.      SUPPLEMENTAL REPORT BY DEPUTY MEYER (#447485)
9.
10.     P/2 WAS TAKEN TO BEVERLY HOSPITAL FOR A
11.     BLOOD DRAW TO TEST FOR BAC. RESULTS ARE PENDING.
12.     (REFER TO SUPPLEMENTAL REPORT BY DEPUTY MEYER #447485)
13.
14.     P/1 WAS KNOWN AS "JANE DOE" FOR SEVERAL HOURS.
15.     DUE TO A MISSING PERSON'S REPORT CALL, WE IDENTIFIED
16.     P/1 AS SOPHIA NOEMI MEDINA. DEATH NOTIFICATION DONE
17.     BY DEP. GUILLEN (#485036). SEE SUPPLEMENTAL REPORT.
18.
19.     C. CAUSE
20.        BASED ON STATEMENTS AND PHYSICAL EVIDENCE, I
21.     DETERMINED P/1 WAS AT FAULT FOR THIS COLLISION
22.     FOR NOT FOLLOWING THE SAME RULES AS THE DRIVER
23.     OF A VEHICLE (21000(A) CVC - REFERENCE). P/1 ENTERED THE ROADWAY
24.     FROM A PUBLIC SIDEWALK WITHOUT YIELDING TO THE TRAFFIC ALREADY ON THE
25.     ROADWAY, A VIOLATION OF 21804 (A) CVC. AN ASSOCIATED FACTOR WAS
26.     THE FACT THAT P/1 WAS TRAVELING ON THE SIDEWALK, A VIOLATION OF
27.     21663 CVC, WHICH PREVENTED P/2 FROM SEEING P/1, PRIOR TO THE COLLISION.
28.     DUE TO THE CONDITION OF P/1'S CELL PHONE (IN THE OPEN AND LOCKED
29.     POSITION), IT APPEARS SHE MAY HAVE BEEN USING THE PHONE
30.     AT THE TIME OF THIS COLLISION.
                                                                    ☐ Continued
31.  IV RECOMMENDATIONS - NONE

| PREPARER'S NAME and I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|
| MUNTIR #459120 | 07-20-09 | | |

Use previous editions until depleted

c556_458.frp

*PAGE 1 OF L*

SH-R-77 (RED TTP) REV. for WP6.0 11/94

## COUNTY OF LOS ANGELES-SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE: _07·06·09_                                    FILE: _009- 08072- 0242-470_

C: _TRAFFIC   COLLISION (FATAL)_     ACTION: _ACTIVE_

V: _MEDINA, SOPHIA FH/ 09·18·90_

D: _07-06-09, 1509 HRS_

S: _____

## NARRATIVE

THE PURPOSE OF THIS SUPPLEMENTAL REPORT IS TO PROVIDE
ADDITIONAL ACTIVE INFORMATION REGARDING THE FATAL TRAFFIC
ACCIDENT INVOLVING SOPHIA MEDINA FH/ 09·18·90

WE ARRIVED AT 576 S. WILLIAMSON AVE., EAST LOS ANGELES REGARDING
A MISSING PERSON REPORT T325. WE CONTACTED A MALE HISPANIC
(LATER ID'D AS I/ ACOSTA).

WHILE CONTACTING I/ACOSTA, EAST LOS ANGELES DISPATCH (ZOD)
UPDATED US THAT THE ABOVE CALL (MISSING PERSON REPORT) WAS
PROBABLY RELATED TO T-238 WHICH WAS THE FATAL TRAFFIC
ACCIDENT FROM EARLIER IN THE DAY (LOCATION OF OCCURRENCE
CITY OF COMMERCE).

BY: _PLACENCIA  #7048 7_

APPROVED: _Hsu  #273531_
                    _TRAFFIC_

ASSIGNED:

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT          PAGE 2/2
NARRATIVE CONTINUATION

DATE: 07-06-09          FILE NO. 009-00093-0242-470

I/ACOSTA STATED, THAT HIS DAUGHTER (MEDINA, SOPHIA) HAD NOT RETURNED FROM WORK, AND THAT HE WAS WORRIED BECAUSE IT WAS HER FIRST TIME RIDING A BIKE TO WORK.

WE ADVISED UNIT 22/Pm's (DEPUTY LEDESMA # 407036 AND DEP GUILLEN #485026 ) OF THE ABOVE INFORMATION, AT WHICH TIME THEY NOTIFIED THE CORONER INVESTIGATOR (WHO WAS STILL AT THE SCENCE OF THE ACCIDENT).

MOMENTS LATER, UNIT 22/Pm's ALONG WITH THE CORONER ARRIVED AT MY LOCATION. AT THAT TIME, I/ACOSTA POSITIVELY IDENTIFIED THE DECEASED FEMALE AS HIS DAUGHTER (SOPHIA MEDINA FH# 091890 ).

SH-R-77 (RED TTP) REV. for WP6.0 11/94

## COUNTY OF LOS ANGELES-SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE: 08/01/09                           FILE: 009-08072-0242-470

C: TRAFFIC ACCIDENT (FATAL)             ACTION: ACTIVE/ADDITIONAL

V: MEDINA, SOPHIA NOEMI (FH/08-18-90)

D: 07-06-09, 1509 HRS

S:

## NARRATIVE

THE PURPOSE OF THIS REPORT IS TO PROVIDE ACTIVE/ ADDITIONAL INFORMATION FOR THE ABOVE FILE NUMBER.

WE ARRIVED AT 576 WILLIAMSON AVE, EAST LOS ANGELES IN REGARDS TO A MISSING PERSON REPORT CALL. JUAN MEDINA ACOSTA (FATHER OF V/MEDINA) GAVE A DESCRIPTION OF HIS DAUGHTER, AS WELL AS THE BICYCLE SHE WAS RIDING.

INVESTIGATOR KRISTY McCRACKEN (#491917) OF THE LOS ANGELES COUNTY CORONER'S OFFICE, SHOWED MR. ACOSTA A PHOTOGRAPH OF A FEMALE HISPANIC (NFD) WHO HAD DIED DUE TO A TRAFFIC COLLISION. MR. ACOSTA CONFIRMED THAT THE FEMALE HISPANIC DEPICTED IN THE PICTURE WAS HIS DAUGHTER, V/MEDINA.

INVESTIGATOR McCRACKEN TOLD MR. ACOSTA (I TRANSLATED INTO SPANISH) HOW THE ACCIDENT OCCURRED AND THAT SHE WAS SORRY FOR HIS LOSS.

BY: GUILLEN #486026

APPROVED: _____ #373531

ASSIGNED: O/TRAFFIC

SECRETARY: _____

10 F 8

SH-R-77 (RED TTP) REV. for WP6.0 11/94

## COUNTY OF LOS ANGELES-SHERIFF'S DEPARTMENT SUPPLEMENTAL REPORT

DATE: _07-06-09_     FILE: _009-08672-0242-470_

C: _TRAFFIC COLLISION (FATAL)_     ACTION: _ACTIVE ADDITIONAL INFORMATION_

V: _MEDINA, SOPHIA. FH/09-18-90_
D: _07-06-09, 1509 HRS_
S: _____

## NARRATIVE

THE PURPOSE OF THIS SUPPLEMENTAL REPORT IS TO PROVIDE ACTIVE
ADDITIONAL INFORMATION REGARDING VIDEO SURVEILLANCE OF
THE INCIDENT UNDER THE ABOVE FILE NUMBER.

I RESPONDED TO GOODRICH BLVD AND OLYMPIC BLVD. REGARDING
A TRAFFIC ACCIDENT.

WHEN I ARRIVED, I WAS DIRECTED BY UNIT 22 (DEPUTIES
LEDESMA #409036 AND GUILLEN #485026) TO CANVASS THE
AREA FOR ANY VIDEO SURVEILLANCE CAMERAS.

BY: _MEYER 447485_
APPROVED: _Uju #213531_
ASSIGNED: _____
SECRETARY: _____

PAGE 2 OF 3

| REPORT CONTINUATION    NARRATIVE | URN | DD9-08072-0242-470 |
|---|---|---|

I WENT TO 5400 OLYMPIC BLVD. AND SPOKE WITH A SECURITY
OFFICER WHO SAID THEY WERE NOT EQUIPPED WITH VIDEO
CAMERAS. I WALKED AROUND THE LOCATION AND SAW
NO VIDEO CAMERAS ON THE BUILDING.

I WENT TO 5300 OLYMPIC BLVD. "TAMAYO RESTARAUNT" (323)260-4700
AND SPOKE WITH THE MANAGER MARTIN JIMENEZ WHO SAID THEY
WERE NOT EQUIPPED WITH VIDEO SURVEILLANCE CAMERAS. I. WALKED
AROUND THE LOCATION AND SAW NO VIDEO CAMERAS ON THE
BUILDING.

I WENT TO 1217 GOODRICH BLVD. "HEARTLAND TRAILERS INC."
AND SPOKE WITH MANAGER JESUS GOMEZ (323)374-9808,
(323)278-1279. JESUS HAS A VIDEO CAMERA LOCATED ON
THE NORTH EAST EXTERIOR WALL OF THE LOCATION, AND
HAS VIDEO OF THE INCIDENT. JESUS WAS UNABLE TO
PROVIDE A COPY OF THE CD. JESUS SAID HE WOULD BE
ABLE TO PROVIDE A COPY AT A LATER TIME. I VIEWED
THE SURVEILLANCE VIDEO AND SAW THE SEMI-TRUCK
MAKING A RIGHT TURN HEADED EAST ON OLYMPIC BLVD.
FROM GOODRICH BLVD. FROM THE NUMBER (2) LANE WITH
HIS TURN SIGNAL ON, AND SAW THE VICTIM RIDING
HER BICYCLE NORTH ON THE EAST SIDEWALK TOWARDS THE REAR OF THE
SEMI-TRUCK.

76R288M—Sh R 313- PS 10-82

| REPORT CONTINUATION ... NARRATIVE | URN 009 - 08672 - 0242 - 470 |

I WENT TO 5415 OLYMPIC BLVD. "MAGELLAN STORAGE" (323) 838-1800
AND SPOKE WITH JESS LOZANO, HE SAID THEY HAVE VIDEO
CAMERAS ON THE SOUTH EAST CORNER OF THE LOCATION
AND THE NORTH WEST CORNER OF THE LOCATION. HE SAID
HE WOULD BE ABLE TO PROVIDE A COPY OF THE VIDEO
AT A LATER TIME. I WAS UNABLE TO VIEW ANY VIDEO AT THAT TIME.

I WENT TO 5345 OLYMPIC BLVD. "LOS ANGELES LAND BUILDING"
(323) 722-1606 AND SPOKE WITH ADRIANA MEDINA WHO SAID
THEY WERE NOT EQUIPPED WITH VIDEO SURVEILLANCE CAMERAS.
I WALKED AROUND THE BUILDING AND DID NOT SEE ANY
VIDEO CAMERAS.

I CANVASSED THE AREA FOR ANY WITNESSES HOWEVER WAS
UNABLE TO LOCATE ANY.

I TRANSPORTED THE DRIVER OF THE SEMI-TRUCK ALVIN FLYNN
DOB 07-18-46 TO BEVERLY HOSPITAL FOR A VOLUNTARY BLOOD DRAW
FOR BLOOD ALCOHOL / DRUGS. THE BLOOD VIAL WAS BOOKED
INTO EVIDENCE UNDER LEDGER 178 PAGE 112.

76 R288M—Sh-R-313— PS 10-82

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

(2) ☒     placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c. ❑ **By overnight delivery**. I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ❑ **By messenger service**. I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ❑ **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f.  ❑ **By e-mail or electronic transmission**. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒  I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

❑ I declare that I am a member of the bar of this Court.

DATED: August 1, 2011

Curtis Gostanian

I:\23434\Pleadings\Federal\Notice of Removal.wpd

- 6 -

DEFENDANTS NOTICE OF REMOVAL

Medina, et al. v Pile Trucking, Inc., et al
Case No.